MCFADDEN, Judge,
dissenting.
I respectfully dissent. Trial counsel performed deficiently in failing to present the expert defense witness’s opinion that the Intoxilyzer results were unreliable, and there is a reasonable probability that, but for this deficiency, the result of the trial would have been different. See Grant v. State, 295 Ga. 126, 130 (5) (757 SE2d 831) (2014).
The results of Denstaedt’s two Intoxilyzer tests provided the only evidence of his blood alcohol concentration, which the state was required to prove to convict him of DUI per se. See OCGA § 40-6-391 (a) (5). At the hearing on Denstaedt’s motion for new trial, the expert defense witness testified that, had he been allowed to do so at trial, he would have opined that he had concerns about the reliability and accuracy of Denstaedt’s Intoxilyzer results based on the particular machine’s performance on a difference check (a quarterly procedure used to gauge certain software performance in the machine). But Denstaedt’s trial counsel failed to elicit that opinion from the expert at trial, after the trial court sustained the state’s objection that the opinion testimony was based on hearsay, namely documents for which no foundation had been laid. Although trial counsel initially had planned to subpoena a records custodian, she did not do so. In response to the objection, trial counsel tried — unsuccessfully — to *239 lay a foundation for the underlying documents without a records custodian, rather than arguing that the opinion testimony was nevertheless admissible. See Velazquez v. State, 282 Ga. 871, 875 (3) (655 SE2d 806) (2008) (“[e]ven when an expert’s testimony is based on hearsay, the expert’s lack of personal knowledge does not mandate the exclusion of the opinion”).
Decided October 7, 2014
Head, Thomas, Webb & Willis, Gregory A. Willis, Jared T. Hall, for appellant.
Nothing in the record suggests that trial counsel’s inadequate response to the state’s objection was strategic. Trial counsel admitted at the hearing on the motion for new trial that she “didn’t anticipate that there would be an objection or that the objection would be sustained” and had not considered how she would handle an objection to the expert’s opinion. She also testified that her failure to subpoena a records custodian was a mistake. Consequently, she was unprepared either to establish a foundation for the documents upon which the expert’s opinion was based or to argue that the opinion testimony was admissible despite being based on hearsay. Because trial counsel was unprepared to contend with an objection to the testimony that she described as “crucial” to the defense, she performed deficiently. See Ottley v. State, 325 Ga. App. 15, 19-20 (752 SE2d 92) (2013) (defendant demonstrated that trial counsel performed deficiently where, among other things, trial counsel was “caught off-guard” at trial by degree to which state’s case rested on particular witness and thus was unprepared to cross-examine her).
The deficient performance prejudiced Denstaedt. There is a reasonable probability that the trial court would have allowed the expert witness to testify to his concerns about the reliability of the Intoxilyzer results had trial counsel responded to the state’s objection with authority supporting the position that, under the rules of evidence then in effect, an expert witness could base an opinion on hearsay. See Watkins v. State, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009); Velazquez, 282 Ga. at 875 (3). Because no other evidence pertained to Denstaedt’s blood alcohol concentration, there is a reasonable probability that, but for trial counsel’s failure to overcome the objection to the expert witness’s testimony, the outcome of his trial would have been different.
For this reason, the judgment should be reversed.
*240 Rosanna M. Szabo, Solicitor-General, R. Tyler Fisher, Assistant Solicitor-General, for appellee.